## Panagulias v. Sappas

*Manos & Camarinos,* for plaintiff.

*A. C. Teplitz, Samuel M. Rosenzweig,* and *U. G. Vogan,* for defendant.

SOFFEL, J., June 26, 1934.—This case is before the court on objection ex parte plaintiff to allowance of the filing by defendant of bail to stay execution on the judgment rendered in the above-entitled case for the reason that the time within which to give bail and stay execution has elapsed.

In the instant case the following notations taken from the docket are important:

December 14, 1932, suit was entered; January 5, 1933, was the return day of the writ; January 26, 1934, case tried before a jury and a verdict rendered in favor of the plaintiff in the sum of $616.23; January 29, 1934, motions ex parte defendant for a new trial and judgment n. o. v.

filed; March 5, 1934, order of court entered, plaintiff given 15 days to file a remittitur of so much of the verdict as exceeds the sum of $400 with interest thereon from December 31, 1931, upon the filing of such remittitur a new trial is refused, otherwise a new trial is granted; the motion for judgment n. o. v. is refused; March 15, 1934, remittitur was filed, the plaintiff remitting the sum of $166.57 of the verdict in said case; May 23, 1934, judgment on the verdict in the amount of $449.66 was entered; June 12, 1934, the defendant entered security in the nature of special bail in order to entitle him to stay of execution.

The question for consideration is whether the stay of execution upon the judgment in the instant case is to be computed from the return day of the writ or the day of the judgment.

Section 3 of the Act of June 16, 1836, P. L. 755, provides that a freeholder shall be entitled to a stay of execution upon such judgments as are therein enumerated, "to be computed from the first day of the term to which the action was commenced, as follows, to wit:

"I. If the amount or sum aforesaid, shall not exceed two hundred dollars, six months.

"II. If such amount or sum shall exceed two hundred dollars, and be less than five hundred dollars, nine months.

"III. If such amount or sum shall exceed five hundred dollars, twelve months."

Section 4 of said act provides as follows:

"Every defendant in any judgment obtained as aforesaid, may upon entering security, in the nature of special bail, have a stay of execution thereon, during thirty days from the rendition of such judgment, and if during that period, he shall give security, to be approved of by the court, or by a judge thereof, for the sum recovered, together with interest and costs, he shall be entitled to the stay of execution hereinbefore provided, in the case of a person owning real estate."

The stay of execution upon judgments allowed by sec-

tion 3 of the Act of 1836, supra, was changed by the Act of April 3, 1873, P. L. 60, sec. 1, which provided that the stay of execution on judgments allowed by section 3 of the Act of June 16, 1836, "be computed from the return day of the writ by which such action was commenced."

It is the contention of the plaintiff that the time has gone by within which the defendant may enter special bail and stay execution for the reason that more than a year has passed since the return day of the writ and that the stay of execution provided for by the Act of June 16, 1836, P. L. 755, as amended by the Act of April 3, 1873, P. L. 60, is to be computed from the return day of the writ.

It is the contention of the defendant that, under section 4 of the Act of 1836, the stay of execution is to be computed from the date of entry of judgment. The defendant argues that the amending Act of 1873, inasmuch as it amended only section 3 of the Act of 1836, is limited in its application to a freeholder and has no application to a defendant who enters security in the nature of special bail as provided in section 4 of the Act of 1836.

The court is of the opinion that the Act of 1836 must be read in its entirety. The stay of execution granted to a defendant who enters security in the nature of special bail as provided in section 4 of the Act of 1836 is distinctly defined in these terms in the last sentence, "he shall be entitled to the stay of execution hereinbefore provided, in the case of a person owning real estate." This distinctly ties together section 4 and section 3 of the act. Section 4 contains no statement as to the time from which the stay of execution is to be computed. By directly stating that the period of stay is to be the same as in the case of a freeholder, the court believes that the legislature intended that the same time of computation should govern. It is true that section 4 says that the defendant "may upon entering security, in the nature of special bail, have a stay of execution thereon, during thirty days from the rendition of such judgment". This language, however, does not sustain the contention of the defendant, particularly when

read in the light of the concluding sentence of section 4. Section 4 must be read in the light of section 3, to which it distinctly refers, and the amendment of 1873. That the stay of execution should be computed from the return day of the writ in the case of a freeholder, and in the case of a defendant who entered security in the nature of special bail, from the date of the judgment, seems a perverted construction of the language of the legislature. If the legislature had intended that the stay of execution in the latter case was to be computed from the date of the judgment, it certainly would have set forth that fact specifically. By failing to do this and by referring to section 3, limiting the stay of execution to that which is provided in the case of a freeholder, the court believes that the computation of the stay necessarily and logically follows that set forth in section 3 as amended.

Plaintiff's objection to the filing by defendant of bail to stay execution is sustained for the reason that the period of time within which execution might be stayed under the Act of June 16, 1836, had elapsed and the defendant is not entitled to further stay. Stay of execution refused.